O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. CR 97-269-CAS |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| vs. | ) | |
| Jerry Wayne Mayfield and Manyale Deonnie Gilbert, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION AND BACKGROUND

On March 25, 1997, defendant Manyale Deonnie Gilbert was indicted for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). PSR ¶ 1,3.  Following a jury trial, defendant was convicted on October 1, 1997 of the charge in the single-count indictment.  On February 9, 1998, the court sentenced defendant to 240 months imprisonment, which is the mandatory minimum sentence for a violation of 21 U.S.C. § 841(a)(1), given defendant's prior conviction of a felony drug offense.  See 21 U.S.C. § 841(b)(1)(A)(iii).

On April 6, 2009, defendant filed the instant motion to reduce his sentence pursuant to 18 U.S.C. § 3285(c)(2).  On May 28, 2009, the government filed its

opposition. On June 19, 2009, defendant filed his reply. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(2), a court may not modify a term of imprisonment without specific authority. Section 3582(c)(2) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that--in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent they are applicable . . .

A motion brought pursuant to 18 U.S.C. § 3582(c)(2), however, "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the original sentence." U.S. v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). "Rather, it is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." Id.

## III. DISCUSSION

Defendant argues that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) and retroactive Amendment 706 to the United States Sentencing Guidelines, which lowered the base offense levels for cocaine base ("crack") offenses. Mot. at 1-2. Specifically, defendant argues that because he was initially sentenced to 240 months, 22 months below the applicable guideline range in 1998, the Court should now reduce his sentence to 188 months, which is 22 months below the new guideline range of 210 to 262 months. Mot. at 2.

The government responds that defendant is not eligible for a sentence reduction because he was sentenced based on a statutory mandatory minimum, not a sentencing range that could subsequently be lowered by the Sentencing Commission ("the Commission"). Opp'n at 7-10, citing United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996) ("[defendant] was not sentenced pursuant to a sentencing range which has

subsequently been lowered; he was sentenced pursuant to the statutorily required minimum, which was not affected by the change in the marijuana equivalency tables. Therefore, the district court had no authority to reduce [the defendant's] sentence under § 3582(c)(2)."); also citing United States v. Ganun, 547 F.3d 46, 47 (1st Cir. 2008) ("district court lacked authority to grant [defendant] his requested sentencing reduction pursuant to § 3582(c)(2) and the crack cocaine amendment to the Sentencing Guidelines because he was serving a statutory mandatory minimum sentence. Section 3582(c)(2) 'confers no power on the district court to reduce a sentence mandated by statute.'"); United States v. Poole, 550 F.3d 676, 679 (7th Cir. 2008) ("A sentence is not 'based on' a range that Amendment 706 subsequently lowered for purposes of a § 3582(c)(2) motion if the defendant was ultimately sentenced pursuant to a statutory minimum, even if the district court initially calculated an otherwise applicable range that the amendment lowered."). Moreover, the government notes that the Commission has indicated that sentence reductions are not permissible if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." Opp'n at 13, citing USSG § 1B1.10 comment (n.1(A)).

The Court concludes that defendant is not entitled to a reduction of his sentence. Although the Commission retroactively reduced the guideline range for cocaine base offenses, defendant was sentenced pursuant to a statutory mandatory minimum sentence. Therefore, the Court lacks authority to reduce defendant's sentence. See Mullanix, 99 F.3d at 324.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED

Dated: July 13, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE